Kennon, J.
Proceedings were instituted before the probate court of Marion county, by the plaintiff, to appropriate to its use, for railroad purposes, a portion of the defendant’s land. The appropriation and assessment of damages were made in that court, and the proceedings afterward reversed by the common pleas, and an assessment of damages made in the common pleas.
Upon the trial before the jury, Campbell was called as a witness, to testify in his own behalf; was objected to by the company as incompetent, but the court overruled the objection and permitted him to testify. He testified that he was the owner of 1,240 acres of land in the county of Marion, situate in different tracts, of from *584 120 to 320 acres each — some adjoining, and some 1J miles from the railroad; that he had all of said lands in connection, for grazing, feeding, and agricultural purposes, in prosecution of his principal business of dealing in stock; that the land through which the road passed was principally used for raising feed, and feeding-grounds for stock grazed on other lands.
*The following question was then put to Campbell by his attorneys, viz.: “ "What amount of damage do you think you would sustain by reason of the location and construction of said railroad over your lands, in that part where located, and the market value of the same; taking into view the amount of land taken, the additional fencing which would be required, the shape of your fields, the inconvenience of crossing said railroad, the danger of fire from the locomotive, the danger of scaring cattle, and all other injuries, necessarily incident to the construction and running of said railroad •on said lands ? ” To this question the counsel for the road objected, but the court overruled the objection, and the witness was permitted to testify as to his opinion of the amount of all damages which would accrue to the said lands by the location and operation of said railroad, from all direct and positive injury to the same ; and also all damage, or liability to loss or injury, which was necessarily incident to such location and operation, which would diminish the value of said land in the market.
Other witnesses wore also asked their opinion as to how much damage Campbell would sustain, in the market value of the land, by reason of the appropriation of the land by the company; which •question was also objected to by the railroad company, but the objection was overruled, and the witnesses permitted to answer the •question.
The jury assessed the damages to Campbell at $1,800, for which the court of common pleas rendered judgment.
The principal errors assigned in the case are—
1. That Campbell ought not to have been permitted to testify in his own case.
2. That the opinion of witness as to the amount of damages sustained ought not to have been received.
3. That no judgment ought to have been rendered on the verdict by the court, but it should simjfiy have confirmed the verdict, and, up >n payment of the amount, have rendered judgment to the effect that said corporation should hold the property appropriated.
*585, 586 *As to tbe first error assigned, this court bold, that by sections 310 and 311, of tbo code, and section 6 of tbe act regulating the proceedings in appropriations of lands (Swan’s Stat. 233), it is-clear that the court did not err in permitting Campbell to testify in his own case.
By section 310 of the code, it is provided that no person shall be disqualified as a witness, in any civil action or proceeding, by reason of his interest in the same as a party or otherwise.
The only exception is found in sections 311 and 313 tbe former of which provides, that nothing in section 310 shall, in any manner, affect the laws now existing relating to the settlement of estates of deceased persons, infants, idiots, lunatics, or the attestation of the execution of wills and testaments; or the conveyance of real estate, or any other instrument required by law to be attested. We see no reason why a party is not a competent witness in all civil proceedings, except in the cases expressly excepted by sections 310 and 602 of the code; nor why any person is incompetent excepit those persons expressly named in section 313 of the code. Sections 604 and 605 have reference to the forms of proceedings, and not to the competency of witnesses.
As to the second error assigned, we are of opinion that the amount of damages which a land-owner would sustain by reason of the appropriation of his land by a railroad, is a question of fact to be determined by the jury, not from the opinion of witnesses, but from the facts of the case; that it is not a question of science or skill, which lies more peculiarly in the knowledge of one man than another. But in coming to the conclusion that the opinion of witnesses as to the amount of damages sustained is incompetent evidence, we do not intend to say that a witness may not testify to the value of the land, before and after the location of the railroad, but, simply, that a witness can not give his opinion as to the amount of damages which the landholder will sustain by reason of the road passing over the land. In admitting' such opinions, we *think the common pleas erred, and for this reason the judgment is reversed and verdict set aside, and the case remanded for further proceedings. This makes it unnecessary to determine whether the court should, or should not, have rendered judgment on the verdict.